IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KEITH DARNELL COLLINS,**

    **Plaintiff,**

    v.                                          CASE NO. 21-3254-SAC

**STATE OF KANSAS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. On February 3, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 9) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. This matter is before the Court on Plaintiff's Response (Doc. 10).

Plaintiff alleges that his Fifth and Fourteenth Amendment rights and "criminal procedures" are being violated. (Doc. 1, at 2.) As Count I, Plaintiff claims "false imprisonment" stating that "prosecutors of record Kelsey R. Floyd Sedgwick County District Attorney and Judge Roger L. Woods Jr. Div. 7 of the 18th Judicial District Court deprived [him] of [his] liberty on 11/05/2020 at 3:00 pm." *Id*. at 3.

As Count II, Plaintiff claims "false arrest" and states that "Wichita Police Department officers K. Brewer #2417 and N. Rue #2716 deprived [him] of [his] liberty." *Id*. As Count III, Plaintiff claims "Due Process of Law" and states that he has "not had [his] due process." *Id*. at 4.

Plaintiff names as Defendants: the State of Kansas; Sedgwick County Criminal Department; and Dustin Meier, Wichita Police Department. *Id*. at 1–2. As his request for relief, Plaintiff seeks "specific performance and rescission cancellation of a contract and the return of the parties to the positions they would have occupied if the contract had not been made." *Id*. at 5.

The Court found in the MOSC that the State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment; Plaintiff has neither made a specific claim against the State of Kansas nor shown any waiver of immunity from suit; if Plaintiff is attempting to name the court, state court judges or county attorneys as defendants, they would all be improper defendants; Plaintiff names Dustin Meier of the Wichita Police Department as a defendant, but does not mention Meier in the body of his Complaint; Plaintiff has failed to allege how any defendant personally participated in the deprivation of his constitutional rights; and Plaintiff mentions constitutional violations but provides no factual support for his claims. Plaintiff mentions false arrest and false imprisonment, but provides no details regarding these claims. He claims he was deprived of his liberty on November 5, 2020 at 3:00 pm. However, he provides no details as to why he believes his arrest or imprisonment were improper. Likewise, he provides no details as to why he believes he was denied due process.

The Court also found that Plaintiff's request for relief references contract remedies and Plaintiff has stated no claim for relief based on contract; any request for compensatory damages based on Plaintiff's confinement in custody is barred by 42 U.S.C. § 1997e(e) unless Plaintiff alleges a physical injury; and to the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus. Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action and before Plaintiff may

proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court also found that if Plaintiff's state criminal case is ongoing, the Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971).

Plaintiff's response fails to address the deficiencies set forth in the MOSC. Plaintiff makes general allegations regarding the Court's jurisdiction and due process, but fails to allege any specific facts regarding his claims. Plaintiff suggests that the Sedgwick County Sheriff and the Mayor of Wichita are violating the agreement on detainers. (Doc. 10, at 3.) Plaintiff also cites Kansas statutes and claims that he has been detained for fifteen months without a preliminary examination, and he has not been brought to trial within 180 days. *Id*. at 4. Plaintiff states that the Mayor of Wichita is "violating military law." *Id*. at 5.

Plaintiff's claim is based on an alleged violation of the Kansas statutes dealing with the mandatory disposition of detainers and preliminary hearings. *See* K.S.A. 22-2902. "In order to state a § 1983 claim, a plaintiff must 'allege the violation of a right secured by the Constitution and laws of the United States, and show that the alleged deprivation was committed by a person acting under color of state law.'" *Bruner v. Baker*, 506 F.3d 1021, 1025–26 (10th Cir. 2007) (citation omitted). "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted). Thus, the allegation that a state statute or state constitution was violated states no claim under § 1983.

"A state prisoner's challenge to a detainer lodged by a sovereign other than the one currently holding him in custody, whether it be another State or federal authorities, is normally raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241." *Ikunin v.*

*United States*, No. 13–3072–RDR, 2013 WL 2476712, at *1 (D. Kan. June 7, 2013) (citations omitted). To obtain habeas corpus relief, a petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim." (Doc. 9, at 11.) Plaintiff has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated March 4, 2022, in Topeka, Kansas.**

> s/ Sam A. Crow
> **SAM A. CROW**
> **U. S. Senior District Judge**